Affirmed and Memorandum Opinion filed July 19, 2007











Affirmed
and Memorandum Opinion filed July 19, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00944-CR

_______________

 

TOMAS MAYO PACHECO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No.  1039113

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for 
possession with the intent to deliver at least 400 grams of cocaine, appellant
Tomas Mayo Pacheco asserts that the evidence is factually insufficient to
support his conviction.  We affirm.

I.  Factual
and Procedural Background








Officer Alfonso Alvarez with the
Pasadena Police Department  received appellant=s name and telephone number from a
confidential informant in connection with a narcotics investigation. 
Immediately thereafter, Officer Alvarez, working undercover, called appellant
to inquire about the purchase of cocaine.  Appellant agreed to meet Officer
Alvarez in the parking lot of a  pool hall later that same afternoon.  At their
meeting, the two men discussed both quantity and price.  Officer Alvarez then
asked appellant to contact him when he was ready to make the exchange.  

About a week later, on August 29,
2005, appellant contacted Officer Alvarez and indicated he was ready to proceed
with the transaction as a load of cocaine had arrived.  The undercover officer
stated that he wished to purchase five kilograms of cocaine.  Appellant
responded that he had four kilograms with him, and suggested that they meet at
an auto mechanic store in Pasadena.  When Officer Alvarez arrived at the agreed
location, he called appellant, who already was inside the store at the time.
Appellant walked outside toward the officer=s vehicle.  Officer Alvarez asked
appellant if he had the cocaine, and appellant indicated he did.  The two men
then walked toward another vehicle parked nearby.  Appellant told the
individual in the driver=s seat of the parked vehicle to Ashow him [Alvarez] the stuff.@   Appellant and the other individual
debated until appellant finally opened the back passenger door, pointed to a
black bag on the back seat, and told Officer Alvarez, A[I]t=s right there.@  At that point, Officer Alvarez
signaled the officers maintaining surveillance.  Appellant and the other
participant were arrested.  A field test of  the substance in the black bag
confirmed that it was cocaine.  Further analysis showed that the cocaine
weighed approximately 3.8 kilograms. 








Officer David Leal with the Pasadena
Police Department met with appellant and informed him of his rights.  Appellant
stated that he understood his rights and agreed to waive them and make a
statement. In a  videotaped recording, appellant stated that Officer Alvarez
contacted him about purchasing five kilograms of cocaine, but he could procure
only four kilograms.  Appellant stated that he was asking for $15,500.00 per
kilogram of cocaine.              Appellant was charged with the felony offense
of possession of a controlled substance with the intent to deliver.  He pleaded
Anot guilty@.  In the trial that followed, a jury
found appellant guilty, and the trial court sentenced him to sixty years= confinement in the Institutional
Division of the Texas Department of Criminal Justice and assessed a fine of
$1,000.00.

II. Factual
Sufficiency 

In two issues, appellant contends
that the evidence is factually insufficient to support his conviction.  In his
first issue, he argues that the evidence is factually insufficient to prove
that he Aknowingly@ possessed the cocaine.  In his
second issue, he contends that the evidence is factually insufficient to show
that he Aintended@ to deliver the cocaine. 

When evaluating a challenge to the
factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether we are able to say, with some objective basis in the
record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict. Watson v. State,
204 S.W.3d 404, 414‑17 (Tex. Crim. App. 2006).  It is not enough that
this court harbor a subjective level of reasonable doubt to overturn a
conviction that is founded on legally sufficient evidence, and this court
cannot declare that a conflict in the evidence justifies a new trial simply
because it disagrees with the jury=s resolution of that conflict.  Id.
at 417.  If this court determines that the evidence is factually insufficient,
it must explain in exactly what way it perceives the conflicting evidence
greatly to preponderate against conviction.   Id. at 414‑17.  Our
evaluation should not intrude upon the fact finder=s role as the sole judge of the
weight and credibility given to any witness=s testimony.  See id; Fuentes,
991 S.W.2d at 271.   

A.        Is
the evidence factually sufficient to support the jury=s findings that appellant knowingly
and intentionally possessed a controlled substance?








A person commits the offense of
possession with intent to deliver a controlled substance if he knowingly or
intentionally possesses a controlled substance with the intent to deliver it.  Tex. Health & Safety Code Ann. '' 481.112(e), 481.113(d) (Vernon Supp.
2006).  To prove unlawful possession of a controlled substance, the State must
establish the accused: (1) exercised care, control, custody, or management over
the contraband; and (2) knew the matter was contraband. Poindexter v. State,
153 S.W.3d 402, 405 (Tex. Crim. App.2005).  When the accused is not in
exclusive possession of the place where the controlled substance is found, the
State must prove additional facts and circumstances that affirmatively link the
accused to the contraband such that one could conclude that the accused had
knowledge of the contraband and exercised control over it.  Guiton v. State,
742 S.W.2d. 5, 8 (Tex. Crim. App. 1987).

Affirmative links are established
when the evidence, direct or circumstantial, shows Athe accused=s connection with the drug was more
than just fortuitous.@  Poindexter, 153 S. W.3d at 405‑06 (Tex. Crim.
App. 2005) (quoting Brown v. State, 874 S.W.2d 744, 747 (Tex. Crim. App.
1995)).  Courts have identified a non‑exhaustive list of factors that may
help to show an affirmative link to controlled substances; however, no set formula
of facts necessitate a finding of an affirmative link sufficient to support an
inference of knowing possession.  Hyett v. State, 58 S.W.3d 826, 830
(Tex. App.CHouston [14th Dist.] 2001, pet. ref= d).  Rather, affirmative links are
established by a totality of the circumstances.  Id. It is not the
number of factors present that is controlling but, rather, the logical force
they create to prove the defendant knowingly possessed the controlled
substance.  Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.CHouston [1st Dist.] 2002, pet.
ref'd).








Appellant contends he had no control
over the contraband, and points to  the following evidence that he claims
contradicts possession: (1) he was not the owner of the vehicle in which the
cocaine was found, (2) he was not the driver of the vehicle or in the vehicle
where the cocaine was found, (3) he was not in Adirect@ possession of the cocaine, (4) there
was no odor of contraband in the vehicle, (5) he had no additional contraband
on his person, (6) he did not possess any narcotics paraphernalia, (7) he did
not make any furtive gestures, attempt to conceal or destroy evidence, or even
attempt to flee, (8) neither his fingerprints nor his DNA were found on the
contraband, and (9) he had no special connection to the contraband.  But the
absence of some factors that may tend to establish an affirmative link is not
evidence of innocence to be weighed against evidence connecting appellant to
the narcotics.  See Hernandez v. State, 538 S.W.2d 127, 131 (Tex. Crim.
App. 1976).   








Appellant was charged both as a
principal and under the law of the parties.  See Tex. Penal Code Ann. ' 7.02(a)(2) (Vernon 2006).  To prove
appellant committed the offense of possession of a controlled substance as a
principal actor, the State had to show that he (1) exercised actual care,
custody, control, or management of the controlled substance and (2) was
conscious of his connection with it and knew what it was.  See Tex. Health & Safety Code Ann. ' 481.002(38) (Vernon  Supp. 2006), ' 481.112(a) (Vernon 2003); Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  To support a
conviction under the law of parties, the State had to show that appellant acted
with the intent to promote or assist the offense by soliciting, encouraging,
directing, aiding, or attempting to aid the other person in the commission of
the offense. Tex. Pen. Code Ann. ' 7.02(a)(2) (Vernon  2006).  Thus, to
prove possession of a controlled substance as a party, the State had to
establish (1) that another person  possessed the contraband and (2) that
appellant, with the intent that the offense be committed, solicited,
encouraged, directed, aided, or attempted to aid the other=s possession.  See Woods v. State,
998 S.W.2d 633, 636 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d).  Mere presence in the vicinity of
a controlled substance or in a place where contraband is being used or
possessed by others does not, by itself, support a finding that a person is a
party to an offense. Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.CHouston [1st Dist.] 2002, pet ref=d).   For conviction of an accused
either as a principal or as a party to the offense, the State must prove 
knowledge of the presence of cocaine.  See Tex. Health & Safety Code Ann. ' 481.115(1) (Vernon 2006).  The
State, however, is not required to show that appellant had exclusive control
over the contraband to show that he was guilty as a principal.  Robinson v.
State, 174 S.W.3d 320, 325 (Tex. App.CHouston [1st Dist.] 2005, pet. ref=d).  But when an accused is not in
exclusive possession of the place where the contraband is found, a reviewing
court cannot conclude that the accused had knowledge of and control over the
contraband unless the State establishes an Aaffirmative link@ between the accused and the
contraband, i.e., independent facts and circumstances that affirmatively link
the accused to the contraband so as to suggest that the accused had knowledge
of the contraband and exercised control over it.  Rhyne v. State, 620
S.W.2d 599, 601 (Tex. Crim. App.1981).  A[COMMENT1] n
affirmative link may be established through either direct or circumstantial
evidence.  Id.  

            The following evidence
establishes the requisite affirmative link between appellant and the
contraband: (1) appellant was in the auto store B the agreed location B at the time Officer Alvarez arrived,
(2) Officer Alvarez asked appellant if he had the cocaine, and appellant
indicated he did, (3) appellant and Officer Alvarez walked toward another
vehicle parked nearby, (4)  appellant told the occupant of the parked vehicle
to Ashow him [Alvarez] the stuff,@ (5) appellant and the other
individual went back forth in discussion until appellant finally opened the
back passenger door, pointed at a black bag in the back seat, and told Officer
Alvarez, A[I]t=s right there,@ and (6) a field test conducted at the scene revealed that
the substance in the black bag was cocaine.  This direct and
circumstantial evidence shows that appellant had care, custody, control, or
management of the cocaine in the back seat of the vehicle.  See Coleman v.
State, 113 S.W.3d 496, 501 (Tex. App.CHouston [1st Dist.] 2003), aff'd,
145 S.W.3d 649 (Tex. Crim. App. 2004) (finding a safe in a home  an enclosed
space, and holding that when the contraband is found within an enclosed space
it is a recognized factor in establishing an affirmative link between the
accused and the contraband); Hudson v. State, 128 S.W.3d 367, 374 (Tex.
App.CTexarkana 2004, no pet.) (finding
trunk of car an enclosed space).                            








It is the sole province of the jury
to decide what weight is to be given to the evidence presented at trial,
including contradictory testimony that turns on the jury=s evaluation of credibility and
demeanor of the witnesses. Cain, 958 S.W.2d at 408‑09.   The jury
was free to believe any or all of the testimony of the State=s witnesses.  See id. at 409. 
The jury=s decision will not be deemed
manifestly unjust merely because it resolves conflicting views of the evidence
in favor of the State.   Id. at 410.  As a reviewing court, we may not
substitute our conclusions for those of the jury, nor may we interfere with the
jury=s resolution of conflicts in
evidence.  See Watson, 204 S.W.3d. at 414‑17.  Our review of the
record shows the jury=s decision is not so contrary to the great weight and
preponderance of the evidence as to be clearly wrong or manifestly unjust.  The
evidence is factually sufficient to show that appellant knowingly possessed the
cocaine.  Accordingly, we overrule appellant=s first issue.

B.        Is the evidence factually
sufficient to support the jury=s finding that appellant had an intent to deliver a controlled
substance?

 

Appellant also argues the evidence is
insufficient to support his conviction of possession with the intent to
deliver.  ADeliver@ means to transfer, actually or constructively, a controlled substance to
another.  Tex. Health & Safety Code
Ann. ' 481.002(8) (Vernon Supp.  2006).  Intent to deliver a controlled
substance can be proven by circumstantial evidence, such as the quantity of
narcotics possessed, and the presence of the accused on the premises.
Patterson v. State, 138 S.W.3d 643, 649 (Tex. App.CDallas 2004, no pet.).  AIntent can be inferred from the acts,
words, and conduct of the accused.@  Patrick v. State, 906 S.W.2d
481, 487 (Tex. Crim. App. 1995).

  Appellant asserts the evidence is
factually insufficient to support the intent‑to‑deliver element
because: (1) there is no evidence that appellant possessed any narcotics
paraphernalia (such as plastic bags or scales) generally used in narcotics
transactions, (2) appellant was not arrested inside a Acrack@ or Atrap@ house, (3) appellant did not have
any weapons on his person, (4) there was no evidence that appellant personally
consumed narcotics, (5) appellant did not try to destroy evidence or flee from
the police, and (6) appellant did not own the vehicle in which the contraband
was found. 








The evidence at trial showed that:
(1) appellant agreed to exchange five kilograms of cocaine for money, (2)
appellant actually possessed four kilograms of cocaine packaged for sale in a
planned narcotics transaction, (3) appellant met the undercover police officer
at an agreed location and at an agreed time to make the exchange, and (4)
appellant admitted these facts in a subsequent statement to the police. 
Furthermore, the amount and value of the narcotics recovered from the vehicle
exceeds the typical amount possessed for personal use.   See Mack v. State,
859 S.W.2d 526, 528, 529 (Tex. App.CHouston [1st Dist.] 1993, no pet.)
(holding 8.9 grams of crack cocaine, valued at $600, a sufficient amount from
which to infer an intent to deliver).  Based on this evidence, we conclude the
jury=s decision is not so contrary to the
great weight and preponderance of the evidence as to be clearly wrong or
manifestly unjust.  The evidence is factually sufficient to prove that
appellant intended to deliver the cocaine. We overrule appellant=s second issue.

The trial court=s judgment is affirmed. 

 

 

 

                                

/s/        Kem Thompson Frost

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 19, 2007.

Panel
consists of Justices Yates, Edelman, and Frost.

Do
Not Publish C Tex. R. App.
P. 47.2(b).

 

 

 

 

 

 

 











 [COMMENT1]Isn=t
it a pretty strong affirmative link that he admitted possession after he was
arrested?